**FILED**

AUG 1 5 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLENNIUM PROPERTIES R/E, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MILLENNIUM PROPERTIES, INC., ) <br> ) <br> Defendant. ) | **JUDGE ANDERSEN** <br><br> No. **05 C 4655** <br><br> **MAGISTRATE JUDGE NOLAN** |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, Millennium Properties r/e, Inc., ("Millennium"), complains against defendant Millennium Properties, Inc., ("MP"), as follows:

### Nature of the Action

1. This is a civil action for infringement and unfair competition, arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and deceptive trade practices arising under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq., and the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/1 et seq. Plaintiff is seeking preliminary and permanent injunctive relief, monetary damages and related remedies, by virtue of MP's use or threatened use of the term "Millennium Properties".

## The Parties

2. Millennium is an Illinois corporation with its principal place of business at 20 S. Clark Street, #630, Chicago, Illinois, and is engaged in the real estate business.

3. For approximately ten years, Millennium has used the mark "Millennium Properties" (hereinafter the "Mark") in connection with providing real estate related services.

4. Upon information and belief, MP is an Illinois corporation with its principal place of business at 19 S. LaSalle Street, Suite 602, Chicago, Illinois and is engaged in, or intends to be engaged in the real estate business.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1367. Defendant MP transacts business in, and has other contacts with the state of Illinois, and is therefore subject to the personal jurisdiction of this Court.

6. Venue is proper in this federal judicial district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims asserted herein occurred in this district and defendant corporation is subject to personal jurisdiction in the district.

## Facts

7. Millennium is the owner of the Illinois State Trademark Registration for the mark "Millennium Properties," having Registration 094236 which issued on June 15, 2005, a true copy of which is attached hereto as Exhibit A.

8. Plaintiff's use of the Mark has been continuous and extensive since on or about September 3, 1996 and plaintiff prominently displays its Mark, among other things, on its advertising literature, signage, and on the internet.

9. Plaintiff has invested considerable resources in developing, marketing, promoting and advertising its MARK branded services. As a result of Millennium's extensive and substantial marketing efforts, the MARK has become a highly recognized trademark of Millennium.

10. Plaintiff has just recently become aware that MP has threatened to use and/or is using the term Millennium Properties (hereinafter the "TERM") in a trademark and service-like sense in connection with real estate services within the Greater Chicagoland Area.

11. MP's use and/or threatened use of the TERM has and is likely to continue to cause confusion in the marketplace as to the affiliation, connection or association with Millennium, with plaintiff's services, or as to the origin, sponsorship or approval by plaintiff of defendant's real estate services.

12. Millennium has requested MP to cease voluntarily use of the name Millennium Properties, but MP has refused to do so.

13. By reason of defendant's unlawful acts, plaintiff has been seriously and irreparably damaged and, unless defendant is restrained from continuing such unlawful acts, plaintiff will continue to be so damaged.

## COUNT I

### Unfair Competition in Violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a)

14. Plaintiff realleges the allegations contained in paragraphs 1 through 13 as its Paragraph 14.

15. Defendant's actions constitute unfair competition, false advertising, false designation of origin and false representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3

16. Defendant's use and promotion of the TERM has created and continues to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, original sponsorship, approval, commercial activities, nature, characteristics and qualities of defendant's real estate services relative to plaintiff's real estate services in violation of the Lanham Act, 15 U.S.C. § 1125(a).

17. By reason of defendant's unlawful actions, plaintiff has suffered and continues to suffer irreparable harm, including, but not limited to, diminution in value of its Mark for which there is no adequate remedy at law. Accordingly, plaintiff is entitled to an injunction against defendant pursuant to 15 U.S.C. § 1116.

18. Plaintiff has also suffered and continues to suffer injury and is entitled to recover all damages sustained as a result of defendant's actions, all profits realized by defendant, and costs of suit pursuant to 15 U.S.C. § 1117.

19. Defendant knows or has reason to know of plaintiff's longstanding and widely recognized use of the MARK and has deliberately used a confusingly similar term. Given that the defendant's actions were willful, deliberate, fraudulent and exceptional, plaintiff is entitled to treble damages and an award of reasonable attorneys' fees against defendant pursuant to 15 U.S.C. § 1117.

## COUNT II

### Unfair Competition in Violation of 815 ILCS 505/1 et seq., and the Common Law of Illinois

20. Plaintiff realleges the allegations contained in paragraphs 1 through 13 as its paragraph 20.

21. In view of its first, continuous, prominent and exclusive use of the Mark, Millennium has acquired, at common law, a protectibe interest in the Mark.

4

22.     Defendant's actions constitute unfair methods of competition and unfair and deceptive acts or practices in trade or commerce, and create a likelihood of confusion, misunderstanding or deception in the public's minds as to the origin of the parties' services and goods, all in violation of 815 ILCS 505/1 et seq., 815 ILCS 510/1 et seq. and the common law of Illinois.

23.     Defendant's unlawful actions have caused plaintiff to suffer irreparable damage, have resulted in unjust enrichment to defendant and have caused and, unless enjoined by this Court, will continue to cause, substantial and irreparable harm to plaintiff for which plaintiff has no adequate remedy at law.

## COUNT III

### Illinois Trademark Infringement in Violation of 765 ILCS 1036/1 et seq.

24.     Plaintiff realleges the allegations contained in paragraphs 1 through 13 as its paragraph 24.

25.     Defendant's actions constitute trademark infringement under 765 ILCS 1036/60.

### Relief Sought

**WHEREFORE**, plaintiff Millennium Properties r/e, Inc. respectfully requests that the Court enter judgment against defendant Millennium Properties, Inc. as follows:

A.      Entering preliminary and permanent injunctions against defendant MP, its officers, agents, employees and all others acting in concert or participation with MP from:

   1.     Using the Mark or any colorable imitation thereof or designations similar thereto in connection with the offering of real estate services; and

2. Committing any other act calculated or likely to cause the public or trade to believe that the defendant or its business is in any way connected to, licensed by, sponsored by, affiliated with or associated with plaintiff or the business of providing real estate services or from otherwise competing unfairly with plaintiff;

B. Ordering and impounding all of defendant's advertising, promotional and other materials to the extent that they contain any reference to the Mark or any colorable imitation thereof, including all means of producing copies of any such materials that infringe plaintiff's rights;

C. Ordering that signage, printed material, advertisements or other materials in the possession, custody or control of defendant which bear the Mark or any colorable imitation thereof which if used would violate the injunction herein requested, be delivered to plaintiff for destruction;

D. Ordering that defendant account to plaintiff for all profits derived from defendant's unlawful acts as alleged herein and order such profits to be paid to plaintiff and award damages and costs sustained by plaintiff with appropriate interest pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, with such amount being trebled for willful infringement;

E. Awarding to plaintiff its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. § 1117(a), and 765 ILCS 1036/70;

F. Awarding to plaintiff all of defendant's profits realized as a result of the aforesaid unlawful conduct, with such amount being enhanced for willful infringement pursuant to 15 U.S.C. § 1117(b) 765 ILCS 1036/70; and

G.  Granting such other and further relief as this Court deems proper and necessary.

          **Millennium Properties R/e, Inc.**
          **Plaintiff**

          By: _____
                  One of Its Attorneys

Edward D. Shapiro (Atty. #06226069)
John H. Ward (Atty. #02939924)
Soo Choi (Atty. #6276426)
**Much Shelist Freed Denenberg**
 **Ament & Rubenstein, P.C.**
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 521-2000
(312)-521-2100 (fax)

7

567849_1

# Exhibit A



# SERVICEMARK

# CERTIFICATE OF REGISTRATION

Whereas, it appears from the application of **MILLENNIUM PROPERTIES R/E, INC., an ILLINOIS** corporation located and doing business at **20 S CLARK, #630, CHICAGO, IL 60603**, that said applicant has adopted and is using, within the State of Illinois, a certain **SERVICEMARK**, which is described as follows: **"MILLENNIUM PROPERTIES"** a specimen or facsimile of which mark, as currently used, is attached hereto:

## Millennium Properties

The mark was first used on **September 03, 1996** and first used in the state of Illinois on **September 03, 1996**, the mark is being used by said applicant to identify and distinguish **"REAL ESTATE SERVICES"** in class **S-036**.

The application has been duly examined and has been found acceptable for registration according to the laws of this State. Said mark is therefore, registered as of this day, number **094236** for a five year period.

In Witness Whereof, I have hereunto set my hand and caused to be affixed the Great Seal of State, at the Capitol in the city of Springfield, June 15, 2005.

*Jesse White*

JESSE WHITE
SECRETARY OF STATE

